**The below described is SIGNED.**



**Dated: April 1, 2014**



**WILLIAM T. THURMAN
U.S. Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| In re:<br><br>**CUMMINGS LAND & LIVESTOCK, LLC,**<br><br>Debtor. | **Bankruptcy Case No. 11-35804**<br><br>**Chapter 11**<br><br>**Judge William T. Thurman**<br>**(Filed Electronically)** |
|---|---|

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER CONFIRMING
DEBTOR'S MODIFIED PLAN OF REORGANIZATION**

Confirmation of the Debtor's Plan of Reorganization [docket # 103] came on for hearing before the Honorable William T. Thurman on February 25, 2014. The hearing was then continued to March 17, 2014, at 2:30 p.m. Prior to the continued hearing, the Debtor submitted the Debtor's Modified Plan of Reorganization [docket # 135] (the "Plan"). Proper notice of the confirmation hearing having been made, the Bankruptcy Court,[1] having considered the matters before it, including the Plan, the Plan ballots, the testimony proffered in support of confirmation of the Plan, all objections to the Plan having been withdrawn, all Classes of Creditors having voted to accept the Plan, and good cause appearing, hereby makes the following Findings of Fact, Conclusions of Law and Order, in addition to the findings of fact made of record at the hearing:

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

1. Notice of the Confirmation Hearing was sufficient and complied with applicable requirements of the Bankruptcy Code and Bankruptcy Rules.

2. The Plan complies with the applicable provisions of the Bankruptcy Code.

3. The Plan complies with applicable provisions of section 1122 of the Bankruptcy Code in that it has placed within each respective Class only those Claims or Interests which are substantially similar. Each secured claim is separately classified according to its various rights, and all unsecured claims are classified in Class 4.

4. The Plan complies with section 1122 in that there are not too few or too many Classes, the classification is not designed to manipulate voting, and the classification scheme does not violate basic priority rights.

5. The Plan complies with the applicable provisions of section 1123 of the Bankruptcy Code as specifically described hereafter and in the proffered testimony of David Cummings at the Confirmation Hearing.

6. The Plan complies with sections 1123(a)(1) through (4) of the Bankruptcy Code in that it designates Classes of Claims and Classes of Interests, specifies which Classes of Claims and Interests are and are not Impaired, specifies the treatment of all Impaired Classes of Claims and Interests; and provides for the same treatment for each Claim or Interest of a particular Class unless the holders thereof agree to a less favorable treatment.

7. The Plan complies with sections 1123(a)(5) of the Bankruptcy Code in that the Plan provides adequate means for implementation.

8. The Plan complies with section 1123(b) of the Bankruptcy Code in that it provides for the treatment of all Claims and Interests, whether Impaired or otherwise, and provides for the

assumption or rejection of all executory contracts or unexpired leases of the Debtor, and includes other appropriate provisions not inconsistent with the Bankruptcy Code.

9. The Plan complies with section 1126(a) of the Bankruptcy Code in that holders of Claims or Interests have been entitled to vote to accept or reject the Plan.

10. Ballots soliciting acceptances or rejections of the Plan have been provided to each such holder entitled to vote, and such Ballots have been tabulated by Debtor's counsel.

11. The results of such balloting have been filed with the Bankruptcy Court and no party in interest has objected either to the procedures for notice and balloting, the execution of such procedures, or the final tabulation of such Ballots.

12. The Plan complies with section 1126(c) of the Bankruptcy Code in that all impaired Classes have voted to accept the Plan.

13. The Plan complies with the applicable provisions of section 1129 of the Bankruptcy Code as specifically described hereafter.

14. The Plan complies with section 1129(a)(2) of the Bankruptcy Code in that the Debtor complied with the applicable provisions of title 11 of the United States Code.

15. The Plan complies with section 1129(a)(3) of the Bankruptcy Code in that the Debtor has proposed the Plan in good faith and not by any means forbidden by law.

16. The Plan complies with section 1129(a)(4) of the Bankruptcy Code in that any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with the Bankruptcy Case has been approved by, or is subject to the approval of, the Bankruptcy Court as reasonable.

17. The Plan complies with section 1129(a)(5) of the Bankruptcy Code as all such persons have been identified.

18. Section 1129(a)(6) of the Bankruptcy Code does not apply because there is no such rate change sought;

19. The Plan complies with sections 1129(a)(7) and (8) in that with respect to each Impaired Class of Claims or Interests, holders of such Class have accepted the Plan, or will receive or retain under the Plan on account of such claim or interest property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtor were liquidated under chapter 7 of the Bankruptcy Code.

20. The Plan complies with section 1129(a)(9)(A) in that, except to the extent that a holder of a particular Claim has agreed to a different treatment, the Plan provides that, with respect to Claims of a kind specified in sections 507(a)(2) or (3) of the Bankruptcy Code, the holder of such a Claim will receive, on the Effective Date or the date such Claim becomes Allowed, Cash equal to the Allowed amount of such Claim.

21. The Plan complies with section 1129(a)(9)(B) in that there are no such claims;

22. The Plan complies with section 1129(a)(9)(C) in that the holders of Claims of the kind specified in section 507(a)(8) will receive Cash equal to the Allowed amount of such Claims on the Effective Date;

23. The Plan complies with section 1129(a)(10) in that all Impaired Classes of Claims voted to accept the Plan.

24. The Plan complies with section 1129(a)(11) in that Confirmation is not likely to be followed by liquidation, or the need for further financial reorganization, except as set forth in the Plan, which is in essence a liquidation plan.

25. The Plan complies with section 1129(a)(12) in that the Plan provides for the payment of all fees payable under section 1930 of title 28 as of the Effective Date, and in fact the Debtor has made all such required payments throughout the administration of this case.

26. Section 1129(a)(13) of the Bankruptcy Code does not apply because the Debtor does not have, and will not have, after the Effective Date, any obligation for the payment of retiree benefits, as that term is defined in section 1114 of the Bankruptcy Code.

27. Section 1129(a)(14) of the Bankruptcy Code does not apply because the Debtor has no domestic support obligations.

28. Section 1129(a)(15) of the Bankruptcy Code does not apply because the Debtor is not an individual.

29. Section 1129(a)(16) of the Bankruptcy Code does not apply because the Debtor is not one of entities subject to such special restrictions on transfers or is otherwise satisfied because such transfers comply with applicable provisions of non-bankruptcy law.

30. All objections to Confirmation filed have been withdrawn by the objecting parties.

31. A Disclosure Statement, under section 1125, has been sent to all Creditors.

## CONCLUSIONS OF LAW AND ORDER

Based on the foregoing Findings of Fact, the Court hereby concludes, as a matter of law, and orders that:

A.  <u>Confirmation</u>.  The Plan is approved and confirmed under section 1129.

B.     Binding Effect.  The Plan and its provisions shall bind the Debtor, all Creditors, Interest Holders and other parties in interest, whether or not the Claim or Interest of such Creditor or Interest Holder is impaired under the Plan and whether or not such Creditor or Interest Holder has accepted the Plan.

C.     Vesting of Assets.  Pursuant to the Plan and except as otherwise expressly provided in the Plan, on the Effective Date, without any further action, all of the Assets of the Debtor's Estate shall vest in the Reorganized Debtor, free and clear of all Claims, liens, encumbrances, charges and other interests, except as otherwise provided in the Plan.  From and after the Effective Date, the Reorganized Debtor may operate its business and use and acquire and dispose of property and settle and compromise claims or interests arising on or after the Effective Date without supervision by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Rules, including applicable local rules, other than those restrictions expressly imposed by the Plan.

D.     Assumption or Rejection of Executory Contracts and Unexpired Leases.  Pursuant to Section 10.1 of the Plan, as of the Effective Date, executory contracts and unexpired leases of the Debtor are rejected, unless otherwise set forth in the Plan, or other Order of the Bankruptcy Court.

E.     Preservation of Rights of Action.  Pursuant to the Plan, the Reorganized Debtor and its Estate shall retain, as of the Effective Date and may enforce any and all Claims of the Debtor.

F.     Discharge of the Debtor.  Except as otherwise provided in the Plan and the Schedules to the Plan or in this Order: (i) the Reorganized Debtor shall be deemed discharged and released to the fullest extent permitted by section 1141 of the Bankruptcy Code from all Claims and Interests that arose prior to the Effective Date, including Claims arising under sections 502(g),

502(h) and 502(i) of the Bankruptcy Code.  Except as provided in the Plan, all Persons shall be precluded from asserting against the Reorganized Debtor or its Assets any Claim or Interest.

G. <u>Discharge Injunction</u>.  Except as otherwise provided in the Plan and all Schedules thereto or in this Order, on and after the Effective Date, all Persons who have held, currently hold or may hold a Claim or Interest are permanently enjoined from taking the following action against the Reorganized Debtor and its Cash and Assets in any manner inconsistent with the Plan and the Confirmation Order: (i) commencing or continuing an action or proceeding; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; or (iii) creating, perfecting or enforcing any lien or encumbrance.  To the extent that the Reorganized Debtor is injured by a willful violation of such injunction, the Reorganized Debtor shall be entitled to recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages from a willful violator.  Nothing herein shall be construed to grant a discharge that exceeds the scope of the discharge otherwise provided pursuant to the Bankruptcy Code.

H. <u>Notice of Entry of Confirmation</u>.  Within ten (10) Business Days following the entry of this Order, the Reorganized Debtor shall serve notice of the entry of this Order pursuant to Bankruptcy Rules 2002(f)(7), 2002() and 3020(c) on all Creditors and Interest holders, the United States Trustee, and other parties in interest, by causing a copy of this Order to be delivered to such parties via first-class mail, postage prepaid.

I. <u>Bankruptcy Court Retention of Jurisdiction</u>.  Notwithstanding anything contained in the Plan, this Court shall retain jurisdiction over the Reorganized Debtor only to the extent

permitted under the Bankruptcy Code. This Court shall retain jurisdiction to the extent necessary to enforce the Plan.

J.  <u>Entire Agreement</u>.  The Plan supersedes all prior discussions, understandings, agreements, and documents pertaining to or relating to any subject matter of the Plan.  If any inconsistency between the provisions of this Order and the provisions of the Plan exists, the provisions of the Plan will govern and control.  However, nothing in this Order or the Plan contravenes or supersedes any prior Order of the Bankruptcy Court approving any settlement agreement or compromise with any Creditor.

K.  <u>Implementation</u>. The Debtor, through the Debtor, is hereby authorized and directed to implement the terms of the Plan, and perform such other acts as required by the Plan.

L.  <u>Recording</u>.  The Debtor shall record a memorialization of this Order in the form attached hereto as Exhibit "A", with the Wasatch County Recorder, within ten (10) after this Order is entered.

[End of Order]

Approved as to Form:

| | |
|---|---|
| MILLER GUYMON & TOONE, P.C. | BALLARD SPAHR, LLP |
| | |
| */s/ James W. Anderson* | */s/ Mark R. Gaylord* |
| James W. Anderson | Mark R. Gaylord |
| *Counsel for the Debtor* | (Signature Used with Permission) |
| | *Counsel for Jordanelle Special Service District* |
| | |
| | UNITED STATES TRUSTEE |
| | |
| | */s/ Peter J. Kuhn* |
| | Peter J. Kuhn |
| | (Signature Used with Permission) |
| | *Counsel for the United States Trustee* |

9

## DESIGNATION OF PARTIES TO BE SERVED

Service of the foregoing **FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER CONFIRMING DEBTOR'S MODIFIED PLAN OF REORGANIZATION** shall be served to the parties and in the manner designated below:

**By Electronic Service:**  I certify that the parties of record in this case as identified below, are registered with the CM/ECF users and will be served notice of entry of the foregoing Order through the CM/ECF system:

- James W. Anderson      anderson@millerguymon.com, jimulaw@msn.com
- Mark R. Gaylord      gaylord@ballardspahr.com, goodalem@ballardspahr.com;saltlakedocketclerk@ballardspahr.com
- Peter J. Kuhn      Peter.J.Kuhn@usdoj.gov
- Peter J. Kuhn tr      Peter.J.Kuhn@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Suzanne.Verhaal@usdoj.gov
- Matthew L. Moncur      moncurm@ballardspahr.com, goodalem@ballardspahr.com;saltlakedocketclerk@ballardspahr.com
- P. Matthew Muir      muir@millerguymon.com, mahoney@millerguymon.com
- Kami L. Peterson      Kami.Peterson@zionsbancorp.com, Angela.Stephenson@zionsbancorp.com;Deanne.Koecher@zionsbancorp.com
- United States Trustee      USTPRegion19.SK.ECF@usdoj.gov
- Melanie J. Vartabedian      vartabedianm@ballardspahr.com, saltlakedocketclerk@ballardspahr.com;brownld@ballardspahr.com

**By U.S. Mail:**  In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b):

All parties on the Court's official case matrix.

*/s/ James W. Anderson*
James W. Anderson

Exhibit "A"

When Recorded Return To:

James W. Anderson, Esq.
Miller Guymon & Toone, P.C.
165 S. Regent St.
Salt Lake City, Utah  84111

TAX PARCEL # OWC-0176-2-034-025

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **In re:**  **CUMMINGS LAND & LIVESTOCK, LLC,**  **Debtor.** | **Bankruptcy Case No. 11-35804**  **Chapter 11**  **Judge William T. Thurman**  **(Filed Electronically)** |

### NOTICE OF CONFIRMATION OF DEBTOR'S MODIFIED PLAN OF REORGANIZATION AND RESULTING INTEREST AGAINST PROPERTY

PLEASE TAKE NOTICE that on March _____, 2014, the United States Bankruptcy Court for the District of Utah entered its Findings of Fact, Conclusions of Law and Order Confirming Debtor's Modified Plan of Reorganization (the "Confirmation Order"), confirming the Debtor's Modified Plan of Reorganization in (the "Plan").  As set forth in section 4.4(b) of the Plan, "[u]nless all of the holders of the Class 4 Claims agree, the Reorganized Debtor shall not encumber the Unassessed Property with a loan that does not pay the Class 4 Claims in full.  The affected real property is located in Wasatch County, and more particularly described in the attached Exhibit "A".

Cummings Land & Livestock, LLC

_____
Douglas Ray Cummings, Manager

| | |
|---|---|
| State of Utah | ) |
| | :ss |
| County of Wasatch | ) |

  On this _____ day of _____, 2014, Douglas Ray Cummings personally appeared before me and affixed his signature in the capacity as Manager of Cummings Land & Livestock, LLC to the foregoing Notice of Confirmation of Debtor's Modified Plan of Reorganization and Resulting Interest Against Property.

[S E A L]

                _____
                Notary Public
                Residing at: _____

Exhibit "A"

A parcel of land located in the Southwest Quarter of Section 34, Township 2 South, Range 5 East, Salt Lake Base and Meridian, and the Northwest Quarter of Section 3, Township 3 South, Range 5 East, Salt Lake Base and Meridian, Wasatch County, Utah, described as follows:

Beginning at a point on the south line of the Northwest Quarter of Section 3, Township 3 South, Range 5 East, Salt Lake Base and Meridian and the west line of property described in that certain Warranty Deed recorded February 09, 2005 as Entry No. 279713 in Book 6735 at page 593 of the Wasatch County Records, said point being East 190.49 feet from the West Quarter Corner of said Section 3, and thence along said west line North 2,119.60 feet to the southerly right-of-way line of U.S. Highway 40; thence along said southerly right-of-way line the following 5 courses: North 31°55'45" East 94.73 feet; North 43°56'57" East 364.59 feet, North 64°08'26" East 548.33 feet, North 83°40'01" East 292.62 feet and South 82°42'33" East 42.46 feet to the east line of property described in that certain Warranty Deed recorded February 09, 2005 as Entry No. 279711 in Book 6735 at page 588 of said records; thence along said east line South 88.54 feet to the north line of said Section 3; thence along said north line East 749.63 feet to said southerly right-of-way line of U.S. Highway 40; thence along said southerly right-of-way line South 86°12'15" East 571.62 feet to the east line of said Northwest Quarter of Section 3; thence South 2,602.16 feet to the Center Quarter corner of said Section 3; thence West 2,449.51 feet to the point of beginning.

LESS AND EXCEPTING THE FOLLOWING:

A parcel of land located in Lots 3 and 4 of Section 3, Township 3 South, Range 5 East, Salt Lake Base and Meridian, Wasatch County, Utah, described as follows:

BEGINNING at a point North 89°24'35" East 1,282.16 feet along the north line of Section 3, Township 3 South, Range 5 East, Salt Lake Base and Meridian and South 465.53 feet from the Northwest Corner of said Section 3, and thence South 89°37'32" East 480.37 feet; thence South 00°22'28" West 725.44 feet; thence North 89°37'32" West 480.37 feet; thence North 00°22'28" East 725.44 feet to the POINT OF BEGINNING. OWC-0458

Together with the following described easement:

A 20.00 foot wide permanent, non-exclusive easement located in Lot 3 of Section 3, Township 3 South, Range 5 East, Salt Lake Base and Meridian, Wasatch County, Utah, lying 10.00 feet on each side of the following described line:

BEGINNING at a point North 89°24'35" East 1,761.00 feet along the north line of Section 3, Township 3 South, Range 5 East, Salt Lake Base and Meridian and South 708.77 feet from the Northwest Corner of said Section 3, and thence along the center of an existing dirt road the following six courses: 1) North 37°52'49" East 110.27 feet, 2) North 40°40'28" East 204.11 feet to a point of tangency of a 574.50 foot radius curve to the right, 3) Northeasterly 68.21 feet along the arc of said curve through a central angle of 06°48'11" and a long chord of North 44°04'34" East 68.17 feet, 4) North 47°28'39" East 115.69 feet to a point of tangency of a 200.00 foot radius curve to the left, 5) Northeasterly 156.00 feet along the arc of said curve through a central angle of 44°41'22" and a long chord of North 25°07'58" East 152.07 feet and 6) North 02°47'17" East 56.17 feet to the POINT OF TERMINUS of the herein described centerline.